# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMAS CARRILLO RAMIREZ, | ) | Case No. LA CV 14-02448-VBF (DTB) |
| Petitioner, | ) | |
| v. | ) | ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S R&R, DENYING THE 28 U.S.C. 2254 HABEAS PETITION, and DISMISSING ACTION WITH PREJUDICE |
| MARTIN D. BITER, Warden,[1] | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the 28 U.S.C. section 2254 habeas corpus petition and accompanying memoranda, *see* Case Management / Electronic Case Filing (CM/ECF) Documents ("Docs")1-3), respondent's answer and answer memorandum (Docs 17 and 17-1), the state-court record a/k/a "the lodged documents" (Doc 18), petitioner's traverse (Doc 21), the well-reasoned Report and Recommendation ("R&R") of the Honorable David T. Bristow, United States Magistrate Judge (Doc 24), petitioner's objections (Doc 26), and the applicable law.[2]

---

[1] In the Petition, petitioner incorrectly spelled respondent's last name as "Bitter." The Court has corrected the spelling of respondent's last name to "Biter."

[2] Petitioner filed objections on Tuesday, September 8, 2015, and the Court
(continued...)

Having made a <u>de novo</u> determination of those portions of the R&R to which petitioner specifically objected, the Court orders as follows:

**Petitioner's objection [Doc # 26] is OVERRULED.**

**The R&R [Doc # 24] is ADOPTED.**

**The 28 U.S.C. § 2254 petition for a writ of habeas corpus is DENIED.**

Judgment shall be entered consistent with this order in favor of respondent and against petitioner Ramirez; as required by Fed. R. Civ. P. 58(a), judgment shall be entered by separate document.

The Court will rule on a certificate of appealability by separate order.

This action is dismissed with prejudice, and the case is **TERMINATED.**

DATED: October 27, 2015

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[2](...continued)
presumes, absent evidence or allegation to the contrary, that respondent Biter received the objections three full business days later, on Friday, September 11, 2015. By operation of Fed. R. Civ. P. 72(b)(2), the time for respondent to file a response to the objections elapsed fourteen calendar days after respondent received a copy of the objections, i.e., on Friday, September 25, 2015. That was two weeks ago, and respondent has filed neither a response nor a request to extend the response deadline.